*In the Matter of Jefferson Blomquist*, No. 1779, Sept. Term, 2024.  Opinion by Arthur, J.

**STATE PERSONNEL AND PENSIONS—EMPLOYEES' PENSION RETIREMENT SYSTEM**

In general, Harford County employees must participate in the Employees' Pension Retirement System.  These employees must contribute seven percent of their income to the Employees' Pension System, and the employer must make matching contributions on the employee's behalf.  Officials that have been "elected or appointed for a fixed term" may, however, opt out of participation in the Employees' Pension System.  Md. Code (1993, 2024 Repl. Vol.), § 23-201(a)(3) of the State Personnel and Pensions Article.

In this case, the appellant is the Harford County Attorney.  He argues that he, like the Harford County Executive, should be allowed to opt out of participation in the Employees' Pension System.

Although the appellant is an appointed official, he is not elected or appointed for a "fixed term."  In contrast to the Harford County Executive, who serves from a date certain to another date certain four years later, the beginning and ending dates of the County's Attorney's term are variable, not fixed.  The County Attorney takes office at some point after an appointment by the County Executive.  If the Council does not confirm the appointee, the term ends.  The County Attorney serves at the pleasure of the County Executive, so the County Executive can end the County Attorney's term at any time for any reason that is not independently unlawful.  The County Attorney may remain in the position for a period of time even after the County Executive's term ends.  And the next County Executive may reappoint the County Attorney to continue to serve in the next administration.  In short, unlike an elected official, the County Attorney does not have a "fixed term" and is therefore not able to opt out of the Employees' Pension System.

Circuit Court for Harford County
Case No. C-12-CV-24-000287

REPORTED*

IN THE APPELLATE COURT

OF MARYLAND

No. 1779

September Term, 2024

_____

IN THE MATTER OF JEFFERSON BLOMQUIST

_____

Arthur,
Beachley,
Sharer, J. Frederick
    (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Arthur, J.
_____

Filed: January 29, 2026

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

As a general rule, employees of Harford County must participate in the Employees' Pension Retirement System.  *See* Maryland Code (1993, 2024 Repl. Vol.), § 23-201(a)(3) of the State Personnel and Pensions Article ("SPP"); *id.* § 23-203; *id.* § 31-102.  Membership is, however, "optional" for an employee who is "an official, elected or appointed for a fixed term[.]"  *Id.* § 23-204(a)(1)(i).

In this case, the Harford County Attorney contends that he is "an official . . . appointed for a fixed term" and thus that he need not participate in the Employees' Pension System ("EPS").  The Maryland State Retirement Agency determined that the County Attorney was not appointed for a fixed term.  On judicial review, the Circuit Court for Harford County affirmed the agency's determination.

The County Attorney appealed.  We too affirm.

### FACTUAL AND PROCEDURAL HISTORY

Robert G. Cassilly took office as the County Executive for Harford County on December 5, 2022, and appointed Jefferson Blomquist as the Harford County Attorney on that same day.  Though Blomquist began serving as the County Attorney on the day of his appointment, the Harford County Council did not confirm his appointment until December 20, 2022.

Blomquist is in his late sixties.  If he is required to participate in the EPS, his interest will not vest until he has served for 10 years.  *See* SPP § 29-303(b-1)(2)(ii).  Because of his age, and because the County Executive who appointed him can serve no

more than two, four-year terms,[1] Blomquist is unlikely to vest in the system. Nonetheless, if he is required to participate, he must contribute seven percent of his salary to the system. *See* SPP § 23-212(d).[2]

Blomquist contended that—like the County Executive—he served for a fixed term, so he did not enroll in EPS. Within a matter of months, however, the Executive Director of the Maryland State Retirement Agency explained to Blomquist that he was not eligible for optional membership because he is not an official serving a fixed term. The Executive Director reasoned that "the County Attorney serves at the pleasure of the County Executive and does not have any term of office fixed by statute or ordinance."

Blomquist submitted a request for administrative review of that determination and requested a hearing. In response to his request, the agency issued a proposed summary decision, concluding again that the County Attorney does not serve for a fixed term. The agency's Board of Trustees adopted the proposed summary decision at a hearing on March 19, 2024. Blomquist petitioned for judicial review.

On October 9, 2024, the Circuit Court for Harford County affirmed the Board's decision. The court reasoned that the County Attorney's term is not fixed but is instead "a moving target depending upon when the person is appointed[]" and confirmed. The

---

[1] Harford County Charter § 304.

[2] If, however, Blomquist leaves his employment with Harford County before he vests in the EPS, the system must return his contributions, SPP § 29-303(j)(1), presumably with compounded interest at the statutory rate of five percent per annum. *See* SPP § 23-213(a).

court also reasoned that the County Attorney's term is of "uncertain duration" because he "serves at the discretion of the County Executive[.]"

Blomquist filed a timely notice of appeal.[3]

## QUESTION PRESENTED

Blomquist presents one question for review: "Whether the County Attorney serves for a fixed term[,] thereby entitling him to elect nonparticipation in the Employees' Pension System[.]"

We answer that the County Attorney does not serve for a fixed term. The County Attorney serves for a variable length of time depending on when the County Executive makes the appointment, whether and when the County Council confirms the appointment, whether or when the County Executive exercises his discretion to relieve the County Attorney of his duties, and whether the County Attorney is reappointed by a new County Executive and reconfirmed by the County Council.

## STANDARD OF REVIEW

In reviewing the final decision of an administrative agency, this Court "looks through" the circuit court's decision and "evaluates the decision of the agency." *People's Counsel for Baltimore Cty. v. Surina*, 400 Md. 662, 681 (2007); *see Bd. of Trs. for Fire & Police Emps.' Ret. Sys. v. Mitchell*, 145 Md. App. 1, 8 (2002) (stating that "our role" in reviewing an administrative decision "is precisely the same as that of the circuit court")

---

[3] Blomquist's employer, Harford County, is required to make a matching contribution to his pension. At oral argument, we were informed that Harford County has agreed to make its contribution. Harford County is not a party to this case.

(internal quotation marks omitted). In other words, this Court reviews the decision of the agency itself, and not the decision of the circuit court. *Mitchell v. Maryland Motor Vehicle Admin.*, 225 Md. App. 529, 543 (2015), *aff'd*, 450 Md. 282 (2016).

The agency's decision is "'presumed valid.'" *Board of Physician Quality Assurance v. Banks*, 354 Md. 59, 68 (1999) (quoting *CBS Inc. v. Comptroller*, 319 Md. 687, 698 (1990)). This Court's review of the agency's decision is "'limited to determining if there is substantial evidence in the record as a whole to support the agency's findings and conclusions, and to determine if the administrative decision is premised upon an erroneous conclusion of law.'" *Id.* at 67-68 (quoting *United Parcel Serv., Inc. v. People's Counsel for Balt. Cty.*, 336 Md. 569, 577 (1994)). "We review purely legal decisions *de novo*." *Mayor & Council of Rockville v. Pumphrey*, 218 Md. App. 160, 194 (2014) (citing *People's Ins. Counsel Div. v. State Farm Fire & Cas. Ins. Co.*, 214 Md. App. 438, 449 (2013)).

"The phrase 'errors of law' encompasses a variety of legal challenges, including: (1) the constitutionality of an agency's decision; (2) whether the agency had jurisdiction to consider the matter; (3) whether the agency correctly interpreted and applied applicable case law; (4) and whether the agency correctly interpreted an applicable statute or regulation." *Comptroller v. FC-Gen Ops. Investments LLC*, 482 Md. 343, 360 (2022). "Although we do not apply any agency deference when undertaking a review of the first three types of legal challenges, we occasionally apply agency deference when reviewing errors of law related to the fourth category." *Id*.

DISCUSSION

Blomquist argues that he, as Harford County Attorney, is an "official . . . appointed for a fixed term" and therefore that he is entitled to elect not to participate in the EPS. We disagree.

The parties agree that Blomquist is an official. The parties further agree that if Blomquist is not appointed for a fixed term, he must become a member of the EPS. Therefore, the issue is whether the agency correctly concluded that Blomquist is not appointed for a fixed term, within the meaning of that term in SPP section 23-204(a).

In interpreting a statute, "'we begin with the normal, plain meaning of the language of the statute.'" *Elsberry v. Stanley Martin Cos., LLC*, 482 Md. 159, 178-79 (2022) (quoting *Lockshin v. Semsker*, 412 Md. 257, 275 (2010)); *accord Abell Foundation v. Baltimore Dev. Corp.*, 262 Md. App. 657, 694 (2024). "The meaning of the 'plain language' is controlled by the context in which it appears." *Abell Foundation v. Baltimore Dev. Corp.*, 262 Md. App. at 694. "'If there is no ambiguity in the language, either inherently or by reference to other relevant laws or circumstances, the inquiry as to legislative intent ends.'" *75-80 Props., L.L.C. v. Rale, Inc.*, 470 Md. 598, 624 (2020) (quoting *Lillian C. Blentlinger, LLC v. Cleanwater Linganore, Inc.*, 456 Md. 272, 294 (2017)); *accord Abell Foundation v. Baltimore Dev. Corp.*, 262 Md. App. at 694.

"'In seeking to apply the plain[ ]meaning rule, it is proper [for a Maryland court] to consult a dictionary or dictionaries for a term's ordinary and popular meaning.'" *Minh-Vu Hoang v. Lowery*, 469 Md. 95, 120 (2020) (quoting *Ali v. CIT Tech. Fin. Servs., Inc.*, 416 Md. 249, 262 (2010)); *accord Abell Foundation v. Baltimore Dev. Corp.*, 262

5

Md. App. at 694. "'In choosing the dictionary or dictionaries from which to glean assistance, we consult those editions (in addition to current editions) of dictionaries that were extant at the time of the pertinent legislative enactments.'" *Minh-Vu Hoang v. Lowery*, 469 Md. at 120 (quoting *Ali v. CIT Tech. Fin. Servs., Inc.*, 416 Md. at 262); *accord Abell Foundation v. Baltimore Dev. Corp.*, 262 Md. App. at 694.

"Fixed," according to Merriam Webster, means "not subject to change or fluctuation[.]" *Fixed*, Merriam Webster, https://www.m-w.com/dictionary/fixed. "Term," according to Merriam Webster, means "a limited or definite extent of time[.]" *Term*, Merriam Webster, https://www.m-w.com/dictionary/term.

A plain language reading of "fixed term" indicates that the County Attorney does not serve for a fixed term. The County Attorney's term length, start date, and end date are all variable, not fixed.

The County Attorney is the head of the Department of Law, which is an executive agency. Harford County Charter § 402. Section 313 of the Harford County Charter governs the County Attorney's appointment:

> The County Executive shall appoint a single officer to head each agency of the Executive Branch, as well as deputy directors of an agency, subject to confirmation by the Council, as required by Section 223 of this Charter, and such officer and deputies may be removed at the discretion of the County Executive. Within six months after each election for County Executive, the County Executive shall appoint for confirmation or reconfirmation, as the case may be, all heads of each agency and deputy directors, of the Executive Branch . . . subject to confirmation by the Council as required by Section 223 of this Charter, and may remove the same in accordance with this Charter or other applicable law.

6

Under section 313, the County Executive has six months after an election in which to appoint the County Attorney: the County Executive need not appoint the County Attorney on any fixed date within that six-month period. Thus, the beginning of the Attorney's term is variable, not fixed, in that it depends on when, during the six months after the election, the County Executive makes the appointment.

Moreover, the appointment of the County Attorney is subject to confirmation by the County Council. Harford County Charter § 313; *id.* § 223(a). The Council may tacitly confirm the appointment by failing to act within 30 days of its submission by the County Executive. *Id.* § 223(a). If, however, the Council rejects the appointment within 30 days of its submission, then the appointment is effectively nullified, and the County Attorney's term comes to an end. *Id.* Because the Charter envisions that the Council may reject the appointment on some indefinite date as much as seven months after the election, the end of the County Attorney's term, like the beginning, is variable, not fixed.

The end of the term is also variable because the County Attorney "may be removed at the discretion of the County Executive." Harford County Charter § 313. Blomquist himself agrees that "the County Attorney, like all Executive Branch agency heads[,] serves at the pleasure of the County Executive." "The operative phrase—'serves at the pleasure of'—is commonly understood to refer to employment at will." *Clough v. Mayor & City Council of Hurlock*, 445 Md. 364, 373 (2015). Thus, because the County Attorney is an at-will employee, the County Executive may remove him at any time for any reason (or at least for any reason that does not contravene a statutory limitation on the employer's discretion or a clear mandate of public policy). It follows that the County

7

Attorney does not have a fixed term, but one that varies as a function of the County Executive's discretionary decision to allow the County Attorney to remain in the position.

Blomquist argues that the County Attorney's term "mirrors that of the County Executive[,]" who unquestionably does serve for a fixed term. He is incorrect. The County Executive "serve[s] for a term beginning at noon on the first Monday in December next following election, and ending at noon on the first Monday in December in the fourth year thereafter." Harford County Charter § 304. Although the current County Executive happened to appoint Blomquist on the first Monday in December following the election, the County Executive was not required to do so: he had six months from the date of the election (or about another five months) in which to make the appointment. In addition, as previously explained, the end date of Blomquist's term was and is variable rather than fixed, because the County Council had the option not to confirm him and because the County Executive still has the discretion to dismiss him at any time. And, as Blomquist acknowledges, section 313 of the County Charter envisions that the County Attorney may remain in the post for up to six months after a new County Executive takes office—so the County Attorney's potential period of service is not necessarily coterminous with that of the incumbent County Executive. In short, unlike the County Executive, whose term has a specific and ascertainable beginning and end, the Harford County Attorney does not have a fixed term.

Blomquist argues that the "outer limits" of his term are specified, because, he says, the County Attorney cannot serve longer than four years and six months. Blomquist's

8

argument does not address the more fundamental problems with his position—the County Attorney does not take office on any specific date, the County Council can terminate the appointment by refusing to confirm the County Attorney within 30 days after the submission of the appointment, and the County Attorney serves at the pleasure of the County Executive and thus can be relieved of his duties at any time. In any event, Blomquist is incorrect in asserting that a County Attorney can serve no more than four years and six months: the County Attorney may continue in office if the County Executive is reelected, and the County Attorney may be reappointed by the next County Executive, as has happened on at least one occasion.[4]

Blomquist argues that the agency's interpretation of SPP section 23-204(a)(1) impermissibly inserts language into the statute. In his view, the agency has interpreted the phrase "official . . . appointed for a fixed term" to mean "official . . . appointed for a fixed term that has a definitive start date and a definitive end date" or "appointed from a date certain until a later date certain." We disagree that the agency has inserted language into the statute. The agency has simply interpreted the meaning of the words "fixed term" to conclude, correctly in our judgment, that a "fixed term" does not mean a term that has no definitive start date, no definitive end date, and no defined duration, and is terminable at will.

---

[4] Blomquist's brief states that Robert McCord served as the County Attorney from 2004 to 2014, a period that would have spanned the terms of at least two County Executives.

Blomquist attempts to minimize his status as an at-will employee by arguing that "[a]ll public officials, whether elected or appointed, may be removed from office before their fixed term expires." He cites Article XV, section 2, of the Maryland Constitution, which dictates that elected officials are removed from office as a matter of law if they are convicted of certain crimes. Blomquist's argument overlooks the fundamental distinction between an at-will employee, who can be fired at any time for virtually any reason, and an official whose fixed term is defeasible only upon the occurrence of some extraordinary event, such as a criminal conviction.

Without citation to any authority, Blomquist asserts that "[t]he commonly understood definition of the phrase 'fixed term' is a period of time with a determinable beginning and ending." We might agree, were the dates determinable in advance. Here, however, they are not. The County Attorney takes office at some point after an appointment by the County Executive and confirmation by the County Council, neither of which must occur on any date certain. Furthermore, the County Attorney may leave office on any number of different dates, including when the incumbent County Executive relieves him of his duties, which he can do at any time, or when a new County Executive appoints a new County Attorney. Again, the County Attorney is not "appointed . . . for a fixed term."

Blomquist cites the legislative history of the 2015 legislation that extended the vesting period from five years to ten but allowed some local elected and appointed officials to opt out. Quoting the 2014 Interim Report of the Joint Committee on Pensions, Blomquist writes that if those local elected and appointed officials could not

10

opt out, they would "have to serve two and one-half terms before becoming eligible for retirement"—i.e., before they would obtain a vested interest in a pension. Blomquist stresses the Joint Committee's concern that, unless those officials could opt out, the law would impose a financial burden on the employers, which, unlike their employees,[5] do not receive a return of their matching contributions if the employee leaves before vesting.

Ordinarily, we need not consider legislative history if, as in this case, the text of the statute in question is unambiguous. "Only if the words of the statute are ambiguous need we seek the Legislature's intent in the legislative history or other extraneous sources." *Whiting-Turner Contracting Co. v. Fitzpatrick*, 366 Md. 295, 302 (2001). "[T]he resort to legislative history is a confirmatory process; it is not undertaken to contradict the plain meaning of the statute." *Mayor & City Council of Baltimore v. Chase*, 360 Md. 121, 131 (2000).

But even if we considered the cited portions of legislative history, our conclusion would not change. The Joint Report expresses solicitude for local governments, which might have to make pension contributions that they will be unable to recover if an official leaves office after less than 10 years (as many elected officials must). In this case, however, the local government—Harford County—does not challenge the agency's conclusion that Blomquist was not "appointed for a fixed term" and that the County must make unrefundable contributions on his behalf. *See supra* n.3. Blomquist cannot argue

---

[5] SPP § 29-303(j)(1).

11

that the agency's interpretation disadvantages his employer when his employer has deigned not to make that argument.

Blomquist's most compelling argument is that, because he is in his late sixties, and because he was appointed by an elected official who can serve for only eight years, he is virtually certain not to serve for 10 years and thus virtually certain never to vest in the ERS—yet, he must lend seven percent of his income to the EPS for the duration of his employment. Blomquist's argument could be extended to encompass many other qualified people who might be deterred from leaving the private sector for a temporary stint in public service because they will have to take a seven percent pay cut (in addition to the pay cut that they may take in moving temporarily to the public sector). The short answer to this argument, compelling as it is, is that it is best directed to the General Assembly. The County Attorney's term does not become "fixed" merely because of the unlikelihood that Blomquist will serve long enough to vest in the EPS.

In response to a question at oral argument, the agency identified many officials who are "appointed for a fixed term" and, thus, are permitted not to participate in the EPS. Those officials include: the appointed members of the Maryland Small Business Development Financing Authority, who have five-year terms;[6] the appointed members of the Maryland Community Investment Corporation, who have four-year terms;[7] the

---

[6] Md. Code (2008, 2024 Repl. Vol.), § 5-506(b)(1) of the Economic Development Article.

[7] Md. Code (2008, 2024 Repl. Vol.), § 10-1105(f)(1) of the Economic Development Article.

appointed members and the educator-member of the Juvenile Services Education Board, who have four-year terms;[8] and the appointed members of the Maryland Transportation Authority, who have four-year terms.[9] Each of these appointees serves for a term of a specific duration that is fixed by statute; the County Attorney of Harford County does not.

In summary, a term that may fluctuate depending on the appointment date, the confirmation date, and the will of the present and possibly the future County Executive cannot be considered a "fixed term." Therefore, the County Attorney does not serve a fixed term and may not opt out of the EPS.

**JUDGMENT OF THE CIRCUIT COURT FOR HARFORD COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**

---

[8] Md. Code (2008, 2024 Repl. Vol.), § 9-503(b)(2) of the Human Services Article (educator-member); *id*. § 9-503(d)(1) (appointed members).

[9] Md. Code (1977, 2020 Repl. Vol.), § 4-202(c)(1) of the Transportation Article.